Follett, J.
The charge as given and the refusal to charge as requested, in effect, told the jury, that the mere fact that the ditch would enable Hatton and McQuillen to raise larger crops, would authorize a verdict in favor of establishing the ditch.
*204 Article I, section 19 of the constitution provides that, ‘private property shall ever be held inviolate, but subservient to the public welfarethus placing beyond question, that private property cannot bo taken for amere private use. McArthur v. Kelley, 5 Ohio, 139; Shaver v. Starrett, 4 Ohio St. 498; Reeves v. Treasurer Wood Co., 8 Ohio St. 345.
Two petitioners are sufficient, and one petitioner is all the law requires; and the land through which the ditch is to pass need not be owned by more than two persons, and if owned by one person only the ditch may be made. Reeves v. Treasurer Wood Co., 8 Ohio St. 333; Kent v. Perkins, 36 Ohio St. 639. Whether or not the use.for which property is proposed to be taken is a public use, is a question of law, to be settled by the judicial power. Costar v. Tide Water Co., 18 N. J. Eq. 55; Tyler v. Beacher, 44 Vt. 648; Parham v. Justices, 9 Geo. 341; Anderson v. Turbeville, 6 Coldw. 150; Channel Co. v. Railroad, 51 Cal. 269. The use-must be for the public, at large. Memphis Freight Co. v. Mayor, 4 Coldw. 419. The use that will justify the taking of private property by the power of eminent domain, is the use by or for the government, the general public or some portion of it; and not the use by or for particular individuals, or for the benefit of certain estates. The use may be limited to the inhabitants of a small locality, but the benefit must bo in common and not to a very few persons or estates. Costar v. Tide Water Co., supra; Talbot v. Hudson, 16 Gray, 417, 424; Gilmer v. Lime Point, 18 Cal. 229.
The prosperity of each individual conduces, in a certain sense, to the public welfare, but this fact is not a sufficient reason for taking other private property to increase the prosperity of individual men.
The draining of marshes and ponds may be for the promotion of the public health and so become a public object; but the draining of farms to render them more productive, is not such an object. Anderson v. Kerns Draining Co., 14 Ind. 199.
The other errors complained of refer to the question whether or not the proposed ditch would be a public benefit or only a private benefit.
*205 "We tbinlc the mere fact that the proposed ditch would enable the parties to raise more corn and larger crops, did not authorize a verdict in favor of establishing the ditch; and that the probate court erred in refusing to charge the jury all the ninth and tenth propositions requested by McQuillen.
The motion to file petition is granted, and, all the judges concurring, the judgments are reversed, and the cause is remanded to the probate court for further proceedings.